B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Laura Margarita Serrano Santana | **DEFENDANTS**<br>Hacienda San Jose Homeowners Association<br>Preferred Home Services Inc.<br>Jose Ramon Carrion Morales, Chapter 13 Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roberto Figueroa Carrasquillo<br>RFigueroa Carrasquillo Law Office PSC<br>PO Box 186 Caguas PR 00726<br>Tel (787)744-7699 | **ATTORNEYS** (If Known)<br>Luis Roberto Vivas Ugartemendia, Esq<br>Attorney for Hacienda San Jose-HOA<br>137 Chelsea St Bayamon PR 00959 Tel 787-612-2347 |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Proceeding under Rule 7001(2) FRBP to determine validity of lien allegedly held by Hacienda San Jose Homeowners Association Claim No. 5-1, requesting the Court to declare that said creditor does not hold a valid lien and that Claim 5-1 be classified as an unsecured a claim.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Laura Margarita Serrano Santana | BANKRUPTCY CASE NO.<br>23-00797/MCF13 | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISION OFFICE<br>Old San Juan | NAME OF JUDGE<br>Hon Mildred Caban Flores |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| [signature] |

| DATE<br>July 10, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo USDC #203614 |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 23-00797 MCF |
| LAURA MARGARITA SERRANO SANTANA | CHAPTER 13 |
| DEBTOR | |
| LAURA MARGARITA SERRANO SANTANA | ADVERSARY PROC. NO. |
| PLAINTIFF | |
| V. | COMPLAINT TO DETERMINE VALIDITY OF LIEN RULE 7001(2) FRBP |
| HACIENDA SAN JOSE HOMEOWNERS ASSOCIATION INC.; PREFERRED HOME SERVICES, INC. | |
| DEFENDANTS | |
| JOSE RAMON CARRION MORALES, ESQ. as CHAPTER 13 TRUSTEE | |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, **LAURA MARGARITA SERRANO SANTANA**, the Plaintiff/Debtor, through the undersigned attorney, and very respectfully states and prays as follows:

### I. INTRODUCTION AND NATURE OF REMEDY REQUESTED

1. This proceeding is brought by the Plaintiff requesting this Honorable Court, pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"), to determine the validity of a lien allegedly held by Defendant Hacienda San Jose Homeowners Association Inc. ("HSJ-HOA") over the Plaintiff's residential real property. In support of this *Complaint*, the Plaintiff states as follows.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## III. PARTIES

3. Plaintiff Laura Margarita Serrano Santana is the Debtor in the above captioned bankruptcy case, Case No. 23-00797 MCF13, filed at the U.S. Bankruptcy Court for the District of Puerto Rico.

4. Defendant HSJ-HOA is a listed creditor in Bankruptcy Case No. 23-00797 MCF13. HSJ-HOA filed a proof of claim number 5-1 (Claim No. 5-1), classified as a secured creditor in the sum of $42,364.48, claiming a security, a lien over the Plaintiff's/Debtor's residential real property, in the above captioned case.

5. Defendant Preferred Home Services, Inc., is the collection Agent for HSJ-HOA as it appears in HSJ-HOA's *Proof of Claim Number 5-1 Official Form 410* (Claim No. 5-1), in the above captioned bankruptcy case.

6. Jose Ramon Carrion Morales, Esq., is the appointed Chapter 13 Trustee, in the above captioned bankruptcy case.

## IV. STATEMENT OF FACTS

### A. The Property

7. On November 30, 2001, the Plaintiff and her ex-spouse Gilberto Martinez Gomez (hereinafter "Martinez-Gomez") acquired a 100% property interest in a real property located at Hacienda San Jose Villa Caribe Development 220 Campiña Street Caguas, Puerto Rico, (hereinafter "the Property").

8. The Property is described, in the Spanish language, as follows:

"URBANA: Parcela de terreno identificada como solar #220 del Bloque

"VC" de la Urbanización Villa Caribe, radicada en el Barrio Cañabon del término Municipal de Caguas, Puerto Rico, con una cabida de 585.743 metros cuadrados. En lindes por el NORTE marcada con el número 366 en el Plano Parcelación de la Comunidad Rural Borinquén del Barrio Borinquén (Tienda Grande) del término Municipal de Caguas, Puerto Rico, con cabida superficial de 0.1082 cuerdas, Equivalentes a 425.14 metros cuadrados. En lindes por el NORTE: con Parcela #367 de la Comunidad; SUR: con Parcela #365 de la Comunidad; ESTE: con calle #4 de la Comunidad; y por el OESTE: con la Parcela #372 y 373 de la Comunidad."

9. On November 30, 2001, the Plaintiff and Martinez-Gomez (the "Purchasers") and Levitt Homes Builders Corporation (the "Seller"), executed a *Segregation and Sales Deed* (entitled in the Spanish language: *Escritura de Segregación y Compraventa*) Deed Number 511, before Notary Public Estela I. Valles Acosta.

10. The aforestated Deed Number 511 was recorded at the Property Registry at page (*folio*) 189, volume ("*tomo*") 1673 Caguas First Section of the Puerto Rico Property Registry, Property Number (*Finca #*) 55,501.

11. On that same date, November 30, 2001, the Purchasers executed a *Promissory Note*, in the sum of $234,938.00 in favor of *Newco Mortgage Holding h/n/c Levitt Mortgage*.

12. The aforementioned $234,938.00 promissory note was guaranteed with a *Mortgage Deed* No. 512 entitled in the Spanish language <u>*Escritura de Hipoteca*</u>, executed on November 30, 2001, before Notary Public Estela I. Valles Acosta and recorded at the Property Registry at page (*folio*) 189, volume ("*tomo*") 1673 2nd recordation ("*inscripción*") Caguas First Section of the Puerto Rico Property Registry, creating a first mortgage lien on the Property.

13. On March 01, 2013, the Plaintiff and Martinez-Gomez executed a Homestead Deed Number 4 ("*Acta Notarial Sobre Hogar Seguro, Escritura #4*") before Notary

Public Raymond M. Perez Brayfield, designating the Property as their homestead ("*hogar seguro*"), 4th recordation at the Property Registry of Puerto Rico Caguas Section I property #55,501.

14. On August 12, 2022, the Plaintiff, Martinez-Gomez and Banco Popular de Puerto Rico ("BPPR") executed a *Loan Modification Deed Number 42* before Notary Public Yadira Lopez Gonzalez, modifying the principal sum to $267,468.73, recorded at the Property Registry of Puerto Rico, Caguas Section I property #55,501.

15. BPPR filed a secured Claim No. 4-1 in the Plaintiff's bankruptcy case number 23-00797 MCF13, in the sum of $265,298.03, its security stemming from a first mortgage lien on the Property.

16. As of the date of the filing of the Plaintiff's bankruptcy case number 23-00797 MCF13, March 20, 2023, the estimated market value of the Property is $240,000.00.

### B. The State Court Proceedings

17. On November 25, 2019, HSJ-HOA filed a Civil Case Number CG2019CV04391 for Collection of Monies, *Hacienda San Jose Homeowner Association, Inc. v. Gilberto Martinez Gomez; Laura Margarita Serrano Santana and their Conjugal Partnership*, filed at the First Instance Court of Puerto Rico Caguas Judicial Center Superior Court.

18. On July 06, 2020, the Honorable Superior Judge Gladys Griselle Gonzalez Segarra, issued a *Default Judgment* against the Defendants (the Plaintiff and Martinez-Gomez) in Civil Case Number CG2019CV04391, ordering the Defendants to pay HSJ-HOA the sums of $18,888.38 as of May 12, 2020, and other monthly HOA fees that may accrue commencing on June 1, 2020, plus applicable late charges and/or interests and/or penalties, legal costs and expenses in the sum of $220.00, plus legal interest at a 4.25% rate from the date the *Default Judgment* was noticed to the parties, plus the sum

of $5,257.98 for attorney's fees and an additional contingent sum of $450.00 for expenses related to the execution of the *Default Judgment*.

### C. The Bankruptcy Court Proceedings

19. On March 20, 2023, the herein Plaintiff/Debtor filed the above captioned bankruptcy petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. 1301 *et seq.*

20. Defendant HSJ-HOA is a listed creditor included in the Debtors' *Schedule E/F, Official Form 106E/F*, Docket No. 01, in the above captioned case.

21. Defendant HSJ-HOA filed a proof of claim number 5-1 (POC #5-1), classified as a secured creditor in the sum of $42,364.48, claiming a security, a lien allegedly based on a recordation at the Property Registry of Puerto Rico of a Master Deed over the Property, in the above captioned case.

22. HSJ-HOA's Claim Number 5-1, states that Preferred Homes Services is HSJ-HOA's collection Agent, and where payments, if different, are to be sent to this creditor.

23. That on May 19, 2023, the Chapter 13 Trustee filed a *Trustee's Objection to Proposed Plan Confirmation Under Section 1325*, Docket No. 21, objecting to the confirmation of the Debtors' proposed *Chapter 13 Plan*, Docket No. 04, stating the following:

> "...
> Hacienda San Jose filed a secured claim (no. 5). The plan fails to include a provision for the payment of such debt.
> ..."
> ...".

24. The Plaintiff's/Debtor's *Amended Chapter 13 Plan*, Dated 05/24/2023, Docket No. 14, does not include a provision for the alleged secured claim of HSJ-HOA, however, the proposed Plan provides for *pro rata* disbursements to HSJ-HOA as an unsecured creditor, in the above captioned bankruptcy case.

25. That under 11 U.S.C. Section 523(a)(16) the post-petition HOA monthly fees is a non-dischargeable claim and the Plaintiff/Debtor did commence making current post-petition payments to HSJ-HOA. HSJ-HOA's Claim No. 5-1 does not include any amount owed for post-petition HOA payments.

26. That Claim No. 5 filed by HSJ-HOA is based on pre-petition common expenses which are debts that are only secured as soon as they are recorded in the Property Registry.

27. The alleged lien over the Property stemming from the recordation of the *Master Deed* is not self-perfecting, and in order to be perfected and for it to encumber the Property the lien must be recorded in the Property Registry.

28. The alleged secured claim held by HSJ-HOA was reduced to a *Default Judgment* dated July 06, 2020, issued by the First Instance Court of Puerto Rico in a Civil Case Number CG2019CV04391, for Collection of Monies.

29. The Property Registry of Puerto Rico reflects that the Property is not encumbered by a lien/judgment lien perfected/recorded by HSJ-HOA prior to the filing of the Plaintiff's bankruptcy case.

## V. FIRST CLAIM

30. The allegations of paragraphs 1-29 above are re-alleged and are incorporated herein by reference.

31. To the extent HSJ-HOA is claiming a security or a secured classification based on a lien/judgment lien which was not recorded at the Property Registry of Puerto Rico prior to the filing of the above captioned bankruptcy case, HSJ-HOA does not hold a perfected security on the Property.

32. To the extent HSJ-HOA is claiming a security based on an unrecorded lien, HSJ-HOA does not hold a perfected security on the Property and, therefore, HSJ-HOA's Claim No. 5-1 (POC #5-1) must be classified as a "general unsecured claim", in the above captioned bankruptcy case.

## VI. SECOND CLAIM

33. The allegations of paragraphs 1-28 above are re-alleged and are incorporated herein by reference.

34. In the alternative, should the Court allow HSJ-HOA's Claim No. 5-1 as a secured claim, the Plaintiff hereby alleges that said Claim No. 5-1 in the sum of $42,364.48 is a fully unsecured claim under Section 506(a) of the Bankruptcy Code, 11 U.S.C. Section 506(a).

35. In the above captioned bankruptcy case, the Property has an estimated market value of $240,000.00 and the same is encumbered with a first mortgage in favor of BPPR, Claim No. 4-1 in the sum of $265,298.03.

36. Thus, in the above captioned bankruptcy case HSJ-HOA is secured to the extent of the value of such creditor's interest in the estate's interest in the Property, which in this case the value is zero ($0.00).

37. To the extent HSJ-HOA is claiming a security based on a lien in the Property and the extent of HSJ-HOA's interest in the Property has no value ($0.00), HSJ-HOA's Claim No. 5-1 (POC #5-1) must be classified as a "general unsecured claim", in the above captioned bankruptcy case.

## VI. PRAYER FOR RELIEF

38. Wherefore, Plaintiff/Debtor prays that this Court enter a Judgment in favor of the Plaintiff/Debtor and against the Defendant as follows:

(a) declaring that Defendant HSJ-HOA's alleged lien over the Property is not a valid lien since the Defendant HSJ-HOA does not hold a recorded lien/judgment lien over the Property;

(b) in the alternative, that Defendant HSJ-HOA's interest in the Property has no value ($0.00) under 11 U.S.C. Section 506(a);

(b) declaring that HSJ-HOA's Claim No. 5-1 (POC #5-1) is to be classified as a general unsecured claim, in the above captioned bankruptcy case; and

(c) granting such other or further relief as is appropriate.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court grant the present complaint, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of July, 2023.

*/s/ROBERTO FIGUEROA CARRASQUILLO*
**USDC #203614**
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
**ATTORNEY FOR PLAINTIFF/DEBTOR**
**PO BOX 186 CAGUAS PR 00726-0186**
**TEL. 787-744-7699 787-963-7699**
**EMAIL: rfc@rfigueroalaw.com**